IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANDREW NOEL                                                                    PETITIONER

VS.                                              CIVIL ACTION NO. 3:07cv214-DPJ-JCS

WARDEN D. CASKEY                                           RESPONDENT

**REPORT AND RECOMMENDATION**

This federal habeas action is before the court on Respondent's motion to dismiss. Andrew Noel, Petitioner herein, entered pleas of guilty to the charges of rape and kidnaping in the Circuit Court of Holmes County, Mississippi. On October 9, 2000, he was sentenced to serve concurrent terms of twenty-five years. He filed his habeas petition with this court on or after April 6, 2007.[1] Respondent has moved to dismiss the petition on the basis that it is untimely pursuant to 28 U.S.C. § 2244(d). The undersigned has considered the motion and Petitioner's response, and disagrees with Respondent's calculations as to when the one-year period actually expired. However, the undersigned concludes nevertheless that Noel's petition is untimely and therefore recommends that the motion be granted.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a

---

[1] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000). Thus, Noel's petition was "filed" sometime between the date it was signed, April 6, 2007, and the date it was received and filed by the district court, April 19, 2007.

one-year statute of limitation for petitions for writs of habeas corpus under section 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The undersigned agrees with Respondent that for purposes of §2244(d)(A), Noel's conviction and sentence became final, at the latest, on November 8, 2000, thirty days after he was sentenced on his guilty plea. By statute in Mississippi, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Nevertheless, the Mississippi Supreme Court has carved out an exception to this rule, allowing an appeal from a guilty plea within thirty days where the defendant alleges that his sentence was illegal. *See, e.g., Acker v. State*, 797 So. 2d 966 (Miss. 2001). Noel did not appeal his

2

conviction and sentence within thirty days; thus, his judgment became final, at the latest, when his thirty days for doing so expired, and his one-year period began to run on that day.

On November 15, 2000, Noel filed in the trial court a document entitled "Motion to Reconsider Sentence or in the Alternative to Withdraw Guilty Plea." The trial court held an evidentiary hearing on the motion and on April 1, 2002, entered an order denying relief. On April 11, 2002, Petitioner filed a notice of appeal. The notice referenced Petitioner's sentence, the motion to reconsider, and the April 1, 2002 order denying the motion.[2] Thereafter, on May 27, 2003, the Court of Appeals granted a motion to dismiss the appeal. The Court of Appeals order mentions the state's two arguments in support of dismissal - that Miss. Code Ann. § 99-35-101 precludes the direct appeal from a guilty plea and, alternatively, that the notice of appeal was untimely - but does not specifically identify which, if either, it is adopting in granting the motion. Rather, the order simply states that the court "lacks jurisdiction to consider the appeal." The order further notes

---

[2]The body of the notice of appeal reads as follows:

> WHEREAS, on the 9th day of October, 2000, Defendant, ANDREW NOEL entered a guilty plea to the charges of RAPE AND KIDNAPING. Defendant was sentenced to the Mississippi Department of Corrections to serve a term of twenty-five (25) years on the Rape charge and twenty-five (25) years on the kidnaping charge, to run concurrent to the Rape charge.
>
> WHEREAS, on the 20th day of March, 2002, a Motion to Reconsider Guilty Plea or in the alternative to Withdraw Guilty Plea was heard and on the 1st day of April, 2002, an Order was entered denying Defendant's motion.
>
> WHEREAS, feeling aggrieved of said decision, the Defendant hereby appeals his conviction to the Mississippi Supreme Court.

3

that the dismissal is without prejudice to Noel's right seek post-conviction relief.

Respondent acknowledges that Noel's motion filed in the trial court on November 15, 2000, was arguably a "properly filed application for State post-conviction or other collateral review" and therefore may have tolled the statute pursuant to § 2244(d)(2). However, Respondent argues that any such tolling ended on April 1, 2002, because the subsequent notice of appeal was a direct appeal of Noel's conviction, which was statutorily prohibited or, any event, was untimely under the exception referenced *supra*. Thus, under Respondent's calculations, the statute ran for seven days before it was tolled November, 15, 2000, began running again on April 1, 2002, and expired on March 25, 2003.

The undersigned disagrees with these calculations.  Noel's November 15, 2000 motion met the requirements for a properly-filed motion for post-conviction relief under Miss. Code Ann. § 99-39-5, and the notice of appeal filed ten days after that motion was denied was clearly an appeal of the denial of the motion.  That the Mississippi Court of Appeals failed to consider that the appeal was of the denial of post-conviction relief or to construe it as such does not change this fact.  Thus, the statute remained tolled until May 27, 2003, the day the appeal was dismissed by the Mississippi Court of Appeals.

Noel subsequently filed other documents in an attempt to obtain review of his conviction and sentence.  On August 1, 2003 Noel filed in the trial court an application for post-conviction relief.  This motion was denied by the trial judge, after an evidentiary hearing, on February 16, 2005.  Noel appealed, and on December 5, 2006, the Mississippi Court of Appeals denied the application on the merits.  Meanwhile, on May 26, 2004, while his application was pending in the trial court, Noel filed in the Mississippi

Supreme Court a *pro se* document entitled "Motion for Leave to Supplement Petition for Post-Conviction Relief." The supreme court, noting that there was no post-conviction application pending in the supreme court, construed this as an application for post-conviction relief and on August 6, 2004 denied it on the merits. None of these documents tolled the statute under § 2244(d), however, as none was "properly filed." The motion filed in the trial court on August 1, 2003, was barred both as a successive petition under Miss. Code Ann. § 99-39-23(6) and as untimely under Miss. Code Ann. § 99-39-5(2), and the *pro se* motion filed in the Mississippi Supreme Court on May 26, 2004 was filed in the wrong court, *see* Miss. Code Ann. § 99-39-7. Thus, when the statute began running again on May 27, 2003, Noel had 358 days remaining in which he could have filed federal habeas relief. His one year expired on May 19, 2004, and Noel's federal habeas petition, filed on or after April 6, 2007, was over two years and ten months too late.

For these reasons, the undersigned recommends that the motion to dismiss the petition as untimely be granted. The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report by January 22, 2008, bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 4th day of January, 2008.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE