UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANDREW NOEL                                                                                           PETITIONER

V.                                                                        CIVIL ACTION NO. 3:07cv714 DPJ-JCS

WARDEN D. CASKEY                                                                              RESPONDENT

ORDER

This cause is before the Court on the Report and Recommendation of Magistrate Judge James C. Sumner. Judge Sumner recommended dismissal of Andrew Noel's petition for writ of habeas corpus as untimely pursuant to 28 U.S.C. § 2244(d). Petitioner has filed his objections to the Report and Recommendation, and at the Court's direction, Respondent then filed a response to those objections. The Court, having considered the Report and Recommendation, the objections, the response, and the relevant case law, finds that Judge Sumner's recommendation should not be adopted as the opinion of this Court and Respondent's motion to dismiss should be denied.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction and sentence became final, at the latest, on November 8, 2000, thirty days after he was sentenced on his guilty plea. On November 15, 2000, Petitioner filed a document with the trial court entitled "Motion to Reconsider Sentence or in the Alternative to Withdraw Guilty Plea." The trial court held an evidentiary hearing on the motion and entered an order denying relief on April 1, 2002. On April 11, 2002, Petitioner filed a notice of appeal, and on May 27, 2003, the Mississippi Court of Appeals dismissed the appeal. Judge Sumner found that the November 15, 2000 motion met the requirements for a properly filed motion for post-conviction relief under Mississippi Code Annotated § 99-39-5 and concluded that the statute of limitations was tolled from November 15, 2000 to May 27, 2003.

Respondent argued in its motion to dismiss, and again in its response to Petitioner's objections, that the notice of appeal filed April 11, 2002 was actually an appeal of Noel's convictions, rather than an appeal of the November 15, 2000 motion.[1] Thus, Respondent reasons, any tolling ceased on April 1, 2002. The subject notice of appeal states:

> WHEREAS, on the 9th day of October, 2000, Defendant ANDREW NOEL entered a guilty plea to the charges of RAPE AND KIDNAPING. Defendant was sentenced to the Mississippi Department of Corrections to serve a term of twenty-five (25) years on the Rape charge and twenty-five (25) years on the Kidnaping charge, to run concurrent to the Rape charge.
> WHEREAS, on the 20th day of March, 2002, a Motion to Reconsider

---

[1] Notably, Respondent did not file an objection to the Report and Recommendation; so, arguably this contention has been waived.

> Guilty Plea or in the alternative to Withdraw Guilty Plea was heard and on the 1st day of April, 2002, an Order was entered denying Defendant's motion.
> WHEREAS, feeling aggrieved of said decision, the Defendant hereby appeals his conviction to the Mississippi Supreme Court.

Judge Sumner rejected Respondent's argument that this appeal was an appeal of Noel's convictions.

> [T]he notice of appeal filed ten days after [the November 15, 2000] motion [to reconsider] was denied was clearly an appeal of the denial of the motion. That the Mississippi Court of Appeals failed to consider that the appeal was of the denial of post-conviction relief or to construe it as such does not change this fact.

Report and Recommendation at 4. The undersigned agrees with Judge Sumner that tolling is appropriate from the time that the November 15, 2000 motion was filed, until the appeal was dismissed by the Mississippi Supreme Court on May 27, 2003.

Thereafter, on August 1, 2003, Petitioner filed with the trial court an application for post-conviction relief. This application was denied on February 16, 2005. Petitioner appealed, and the Mississippi Court of Appeals denied the application on the merits on December 5, 2006. Judge Sumner did not toll the limitations period while the August 1, 2003 application was pending, reasoning that the application was not "properly filed" as is required by § 2244(d)(2). Specifically, Judge Sumner observed that the August 1, 2003 application was barred both as a successive petition under Mississippi Code § 99-39-23(6) and as untimely under Mississippi Code § 99-39-5(2).

The undersigned disagrees with Judge Sumner's finding that the August 1, 2003 application was untimely under Mississippi Code § 99-39-5(2), because the application was filed within three (3) years of entry of Petitioner's judgment of conviction. In response to the Court's request for additional briefing, Respondent conceded as much, stating, "if this court uses the

3

Magistrate [J]udge's calculations, then Noel's August 1, 2003 Post-Conviction Relief motion tolled the limitations period making his federal habeas petition due September 23, 2007, and it would be timely filed." Response at 2. The Court agrees and finds that Judge Sumner's conclusion with respect to the November 15, 2000 motion to reconsider, and the subsequent appeal, was correct. Noel's petition for writ of habeas corpus is therefore considered timely under 28 U.S.C. § 2244(d).

Accordingly, IT IS HEREBY ORDERED that the Report and Recommendation is not adopted as the opinion of this Court.

IT IS FURTHER ORDERED that Respondent's motion to dismiss is denied.

This action is remanded to Magistrate Judge James C. Sumner.

**SO ORDERED AND ADJUDGED** this the 10th day of March, 2008.

                                                  s/ *Daniel P. Jordan III*
                                                  UNITED STATES DISTRICT JUDGE