IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANDREW NOEL                                                                              PETITIONER

VS.                                                    CIVIL ACTION NO. 3:07cv214-DPJ-FKB

DALE CASKEY, WARDEN                                                    RESPONDENT

**REPORT AND RECOMMENDATION**

This cause is before the court on the petition for writ of habeas corpus filed by Andrew Noel. Having considered the petition, the response, and the state court record, the undersigned recommends that habeas relief be denied and the petition dismissed with prejudice.

**I. Procedural History**

On October 9, 2000, Noel entered a plea of guilty to one count of rape and one count of kidnaping. He was sentenced to serve twenty-five years on each charge, with the sentences to run concurrently - a sentence substantially harsher than that recommended by the state. Noel filed in the trial court a motion to reconsider his sentence or, alternatively, to be allowed to withdraw his plea. This motion was denied after an evidentiary hearing. He then appealed to the Mississippi Supreme Court, but the appeal was dismissed for lack of jurisdiction. Subsequently, Petitioner filed for post-conviction relief (PCR) in the trial court, assigning the following errors (as stated by his attorney in the motion):

      1.       That he was induced into entering a plea of guilty; and

> 2. That he was not competent to enter the plea, that he did not knowingly and intelligently waive his right to trial by jury, that he detrimentally relied on the plea agreement, and that he should be allowed to withdraw his guilty plea and should be resentenced in accordance with the state's recommendation.

Following an evidentiary hearing, the trial court denied the PCR application.

While Noel's post-conviction motion was still pending with the trial court, he filed a *pro se* motion with the Mississippi Supreme Court seeking to supplement the post-conviction motion pending in the trial court, raising the following three issues, as stated by him: That his sentence was illegal, that his attorney rendered ineffective assistance, and that he was incompetent to enter a guilty plea which was unknowingly made. The supreme court, noting that there was no motion in that court to be supplemented, construed this as an application for post-conviction relief and denied it on the merits.

Thereafter, Noel appealed the trial court's denial of his first post-conviction motion, raising two issues: (1) Whether a plea recommendation can be an inducement for a guilty plea; and (2) whether Noel could withdraw his plea after he learned that the trial court would not accept the state's sentencing recommendation. The Mississippi Court of Appeals denied relief. Noel then filed the present petition pursuant to 28 U.S. C. § 2254, asserting the following grounds for relief:

(1) That his plea was unconstitutionally coerced;

(2) That he was denied the right to a competency hearing; and

(3) That his plea was involuntary because the trial court failed to advise him of his right not to incriminate himself.

## II. Analysis

Grounds two and three of Noel's petition have never been presented to

Mississippi's highest court in a procedurally proper manner, as is generally required by the exhaustion provision of § 2554(b)(1). *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). However, Noel no longer has any avenue available by which to pursue these claims in state court, as any attempt to raise them in another application for post-conviction relief would be barred by the prohibition on successive applications. *See* Miss. Code Ann. § 99-39-27(9). Thus, Petitioner has technically exhausted his state court remedies on these claims, and because these claims would now be procedurally barred in state court, this court may not review their merits. *See Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).

The remaining claim, set forth as ground one above, was presented by Noel in his PCR application and was denied on the merits. It is therefore subject to the heightened standard of review of § 2254(d), which proscribes habeas relief unless the state court's adjudication of the claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Additionally, the statute requires a federal court to accord a presumption of correctness to state court factual findings unless the petitioner rebuts that presumption by clear and convincing evidence. 28 U.S. C. § 2254(e)(1).

The Constitution requires that a guilty plea be made intelligently, voluntarily and knowingly, with sufficient awareness of the relevant circumstances and the likely consequences of the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). Before a

trial court may accept a guilty plea, it must ensure that the defendant has been informed of the consequences of his plea and of the constitutional rights he is waiving. *Boykin* v. *Alabama*, 395 U.S. 238, 243 (1969). A habeas petitioner bears the burden of establishing that his guilty plea was invalid. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1251 (5th Cir. 1986). In order to overcome his own attestations of voluntariness made at the time of a plea, a criminal defendant must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, the prosecution, or his attorney, "as to make the guilty plea a constitutionally inadequate basis for imprisonment." *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979) (quoting *Blackledge v. Allison*, 431 U.S. 64, 75 (1977)).

Noel argues that he was coerced or induced to plead guilty because of the plea recommendation of the prosecution. The prosecution recommended that Noel be sentenced to a term of twelve years, with nine years to serve and three years on post-release supervision; however, the trial court rejected the state's recommendation and sentenced Petitioner to a term of twenty-five years on each count, the sentences to be served concurrently.[1] Noel's theory is that he should not be bound by his plea because it was entered into in reliance on the state's sentencing recommendation.

The trial court held two evidentiary hearings on this issue and concluded, based upon both the colloquy at the hearing and on Noel's testimony at the evidentiary hearings,

---

[1]In her order denying Noel's motion to withdraw his guilty plea, the trial judge indicated that her rejection of the state's sentencing recommendation had resulted, at least in part, from the testimony of the victim at the guilty plea hearing. In that testimony, the victim testified that Petitioner dragged her, beat her, repeatedly raped her, and told her he would kill her when he got out of prison. The victim also testified that she bore permanent scars from razor cuts and bites by Petitioner.

4

that Noel's plea was entered into knowingly, freely and voluntary. The state court of appeals carefully considered the claim, reviewing the testimony at both the plea hearing and the subsequent evidentiary hearings, and upheld the trial court's denial of relief. The undersigned has likewise carefully considered these records and concludes that there is nothing in them to support a finding that the state court's denial of relief was unreasonable as required by § 2254(d). During the plea colloquy, Noel acknowledged he had not been coerced into pleading guilty and that he understood that the judge was not bound by the state's recommendation as to sentencing:

> Q. Has anyone forced you, coerced you, or intimidated you in any way to get you to enter these pleas?
>
> A. No.
>
> Q. Has anyone promised you anything in the way of a lighter sentence or any hopes or rewards to get you to enter these pleas?
>
> A. No.
>
> . . .
>
> Q. Do you understand on the rape charge, this Court can give you up to a term of years less than your life?
>
> A. Yes.
>
> Q. And on the kidnapping [sic] charge, this Court can give you anywhere from 1 to 30 years?
>
> A. Yes.
>
> Q. This Court is not bound by any recommendations that may be made by the State or by your attorney; do you understand that?
>
> A. Yes.
>
> Q. After having advised you of the constitutional rights that you give up and the

> facts and circumstances surrounding this charge, do you still wish to enter this plea?
>
> A. Yes.

At the hearing on the motion to withdraw his plea, Noel testified that he had believed he would receive the sentence recommended by the state, but he was unable to explain or articulate any genuine misunderstanding of the judge's clear statements during the plea colloquy that she would not be bound by the state's recommendation. The most Petitioner was able to state in this regard was during his cross-examination, when he testified that he had believed these statements by the trial judge to be merely a procedural requirement of the guilty plea colloquy:

> Q. Okay. And then she said, "The Court's not bound by any recommendations that may be made by the State or your attorney. Do you understand that?" That was the question she asked. Do you remember that?
>
> A. Yes.
>
> Q. And you said yes. Well, what do you think she meant by that, Mr. Noel?
>
> A. I just thought that was the procedure that she had to ask. I didn't know.
>
> Q. Okay. Well, when she said, "I'm not bound by any recommendations that the State may make or that your attorney may make," and she just told you she could sentence you up to your life, anything less than your life on rape and anything up to 30 years on the kidnapping [sic] charge, did you think she was just kidding about that?
>
> A. No, sir.
>
> Q. So you understood that those were possible sentences based on this plea; right?
>
> A. Well, like I say, I thought those were just the procedure that the Court had to ask me in order for me to get the 12 years with 9 to serve and 3 on post-release.

At the hearing on his PCR motion, Noel indicated that he understood the judge's statement that she was not bound by the recommendation but that he nevertheless believed that he would receive the recommended sentence.  Noel never offered any evidence, however, that any such belief was the product of any coercion or misrepresentations by his attorney, the prosecutor, or anyone else.

It is true that trial judges usually follow the prosecution's recommendation in sentencing on a guilty plea, and it may be that Noel had a reasonable expectation that he would receive the recommended sentence.  Indeed, in a concurrence to the opinion of the Mississippi Court of Appeals affirming denial of Noel's PCR motion, several of the justices acknowledged that in a situation such as Noel's, the defendant's expectation that he will receive the recommended sentence is obviously the inducement for the plea, and they opined that if a trial judge concludes that he or she is unwilling to impose the recommended sentence, the better course would be to inform the defendant of this fact and give him or her an opportunity to withdraw the plea before sentence is imposed.  But whether such a practice would be better than the procedure used in Noel's case is not the question before this court; rather, the relevant question, under § 2254(d), is simply whether the state court's finding that Noel entered an intelligent, voluntary and knowing plea passes muster under the standard of § 2554(d).  The undersigned concludes that it does.

### III. Conclusion

For these reasons, the undersigned recommends that habeas relief be denied and Noel's petition dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 30th day of April, 2010.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE