UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANDREW NOEL                                                                              PETITIONER

V.                                                          CIVIL ACTION NO. 3:07CV214 DPJ-FKB

DALE CASKEY, WARDEN                                                                     RESPONDENT

ORDER

This cause is before the Court on the Report and Recommendation of Magistrate Judge F. Keith Ball. In his Report and Recommendation, Judge Ball recommended dismissal of the habeas petition. The undersigned, having consider Petitioner's objections, finds that the Report and Recommendation should be adopted as the opinion of the Court.

Petitioner Andrew Noel entered a plea of guilty to one count of rape and one count of kidnaping and was sentenced to serve twenty-five years on each charge, with the sentences to run concurrently. The sentence imposed was harsher than that recommended by the prosecution, and Noel filed a motion to reconsider his sentence, or allow him to withdraw his guilty plea, in the trial court. An evidentiary hearing was held, and the motion was denied. Noel subsequently filed an application for post-conviction relief in the trial court, and following an evidentiary hearing, the application was denied. Noel appealed, and the Mississippi Court of Appeals similarly denied relief. Meanwhile, Noel also filed a motion to supplement his post-conviction motion with the Mississippi Supreme Court. The supreme court construed the request as a motion for post-conviction relief and denied it on the merits.

In his habeas petition, Noel asserted three claims: (1) his plea was unconstitutionally coerced; (2) he was denied the right to a competency hearing; and (3) his plea was involuntary because the trial court failed to advise him of his right not to incriminate himself. Judge Ball

concluded that this Court may not review grounds two and three on the merits because these claims had not been presented to Mississippi's highest court in a procedurally proper manner. Noel did not contest this conclusion in his objections.[1]

As to ground one, because this claim was presented by Noel in his post-conviction relief application and was denied on the merits, habeas relief is unavailable unless the state court's adjudication of the claim on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Judge Ball carefully considered Noel's claim, reviewing the relevant authority as well as Noel's testimony at the plea colloquy and at two evidentiary hearings related to his plea. During both the plea colloquy and the evidentiary hearing on Petitioner's motion to withdraw his plea, Petitioner confirmed that he understood that the court was not bound by any recommendation that may be made by the state or Petitioner's attorney. Judge Ball found nothing to support a finding that the state court's denial of relief was unreasonable as required by § 2254(d), and the undersigned agrees.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice.

---

[1] In the response to the petition, Respondent specifically argued that grounds two and three were unexhausted and state remedies were unavailable due to Noel's procedural default. Noel appeared to concede the issue, asking the magistrate judge to hold the matter in abeyance while he exhausted the two claims in state court. Judge Ball denied the request, agreeing with Respondent that a return to state court would be futile. *See Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995).

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 3rd day of June, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE